# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBER: 8:06-cr-26-T-26TBM |
| vs. | USM NUMBER: 64716-004 |
| KAREN CARAZO ZAPETIS a/k/a Karen Leicht | Defendant's Attorney: Rochelle Reback (CJA) |

THE DEFENDANT:

**X** pleaded **Guilty** to Count(s) One and Two of the Superseding Information
__ pleaded nolo contendere to count(s) which was accepted by the court.
__ was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Mail Fraud, Wire Fraud, Insurance Fraud, and Money Laundering | April 2001 | One |
| 18 U.S.C. §1343 and 2 | Wire Fraud | April 2001 | Two |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__ The defendant has been found not guilty on count(s)
**X** Count(s) One and Two of the Indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.
If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: September 10, 2010

**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**
DATE: September 17, 2010

AO 245B (Rev 06/05) Sheet 2 - Imprisonment

| | |
|---|---|
| Defendant: KAREN CARAZO ZAPETIS a/k/a Karen Leicht | Judgment - Page 2 of 6 |
| Case No.: 8:06-cr-26-T-26TBM | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **THIRTY (30) MONTHS** as to Counts One and Two of the Superseding Information all such terms to run concurrently.

__X__ The court makes the following recommendations to the Bureau of Prisons: Confinement at a FCI facility located in Marianna, Florida - women's prison camp.

__ The defendant is remanded to the custody of the United States Marshal.
__ The defendant shall surrender to the United States Marshal for this district.

   __ at __ a.m./p.m. on __.
   __ as notified by the United States Marshal.

__X__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons within 60 days.

   __ before 2 p.m. on __.
   __X__ as notified by the United States Marshal.
   __ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

   Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

                                                          _____
                                                          United States Marshal

                                                          By:_____
                                                          Deputy Marshal

| | |
|---|---|
| Defendant: KAREN CARAZO ZAPETIS a/k/a Karen Leicht | Judgment - Page 2 of 6 |
| Case No.: 8:06-cr-26-T-26TBM | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS** as to Counts One and Two of the Superseding Information all such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year.

__X__ The mandatory drug testing provisions of the Violent Crime Control Act are waived. However, the court authorizes the Probation Office to conduct random drug testing not to exceed 104 tests per year.

__X__ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

__X__ The defendant shall cooperate in the collection of DNA as directed by the probation officer.

__\___ The defendant shall register with the state sexual offender registration agency(s) in the state where the defendant resides, visit, works, carry on a vocation, or is a student, as directed by the probation officer.

__\___ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | |
|---|---|
| Defendant: KAREN CARAZO ZAPETIS a/k/a Karen Leicht | Judgment - Page 4 of 6 |
| Case No.: 8:06-cr-26-T-26TBM | |

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

\_  The defendant shall participate in the Home Detention program for a period of __. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

\_  The defendant shall participate, as directed by the Probation Officer, in a substance abuse program (outpatient and/or inpatient) and follow the Probation Officers instructions regarding the implementation of this court directive. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services. Upon completion of a drug or alcohol dependency treatment program the defendant is directed to submit to testing for the detection of substance use or abuse not to exceed 104 tests per year.

X  The defendant shall participate as directed in a program of mental health treatment and follow the Probation Officer's instructions regarding the implementation of this court directive. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable to by Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

X  The defendant shall provide the probation officer access to any requested financial information.

X  The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases without approval of the probation officer.

\_  Should the defendant be deported, he/she shall not be allowed to re-enter the United States without the express permission of the appropriate Governmental Authority.

X  The defendant shall refrain from engaging in any employment involving insurance or reinsurance except she may continue her employment with Mr Scott R Dinin upon her release.

\_  The defendant shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate including: schools, day-care centers, theme parks, playgrounds, etc.

\_  The defendant is prohibited from possessing, subscribing to, or viewing any video, magazines, or literature depicting children in the nude and/or in sexually explicit positions.

\_  The defendant shall not possess or use a computer with access to any online service at any location (including employment) without written approval from the probation officer. This includes access through any Internet service provider, bulletin board system, or any public or private computer network systems. The defendant shall permit routine inspection of his computer system, hard drives, and other media storage materials, to confirm adherence to this condition. This inspection shall be no more intrusive than is necessary to ensure compliance with this condition. The defendant shall inform his employer, or other third party who may be impacted by this condition of this computer-related restriction and the computer inspection provision of the condition.

\_  The defendant shall submit to a search of his person, residence, place of business, storage units under the defendants control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

AO 245B (Rev 06/05) Sheet 3 - Criminal Monetary Penalties
Case 8:06-cr-00026-RAL-TBM   Document 686   Filed 09/14/10   Page 5 of 9 PageID 2536

| Defendant: | KAREN CARAZO ZAPETIS a/k/a Karen Leicht | Judgment - Page 5 of 6 |
|---|---|---|
| Case No.: | 8:06-cr-26-T-26TBM | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $200.00 | Waived | $59,136,990.19 |

\_ The determination of restitution is deferred until \_\_\_\_. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

\_ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| United States Probation Office shall provide the Clerk of Court with a list of the victims, their addresses, and the amounts of restitution owed | $59,136,990.19 | $59,136,990.19 | |
| **Totals:** | $59,136,990.19 | $59,136,990.19 | |

\_ Restitution amount ordered pursuant to plea agreement $ _____.

\_ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

\_ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

\_ the interest requirement is waived for the \_\_\_ fine \_\_\_ restitution.

\_ the interest requirement for the \_\_\_ fine \_\_\_ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| Defendant: KAREN CARAZO ZAPETIS a/k/a Karen Leicht | Judgment - Page 6 of 6 |
| Case No.: 8:06-cr-26-T-26TBM | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $ 200.00 due immediately, balance due

    ___ not later than _____, or

    ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B. ___ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. __X__ Special instructions regarding the payment of criminal monetary penalties: While in Bureau of Prisons custody, the Defendant shall either (1) pay at least $25.00 quarterly if the defendant has a non-Unicor job or (2) pay at least 50% of her monthly earnings if the defendant has a Unicor job. Upon release from custody, the defendant's financial circumstances will be evaluated, and the Court may establish a new payment schedule accordingly. At any time during the course of post-release supervision, the victim, the government, or the defendant, may notify the Court of a material change in the defendant's ability to pay and the Court may adjust the payment schedule accordingly.

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__X__ Jointly and Severally the Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Jointly and Severally Amount, and corresponding payee, if appropriate:

Karen Carazo Zapetis a/k/a Karen Leicht, Defendant, shall Jointly and Severally pay the amount of $49,548,214.86 with co-Defendants, Michael Ernest Zapetis, Jr., Richard Joseph Soloman (Dkt No. 8:06-cr-26-T-26TBM), Alfred Michael Jaillett (Dkt No. 8:02-cr-97-T-23MAP), and Steven Ray Brewer (Dkt. No. 8:02-cr-143-T-30TGW); and $8,980,457.65 with co-Defendants Michael Ernest Zapetis, Sr., William Allen Broughton, William L. Clancy (Dkt N. 8:06-cr-26-T-26TBM), Ralph Blaine Plummer (Dkt. No. 8:03-cr-324-T-23MAP), James Stanley Connally (Dkt. No. 3:01-cr-282-T-G(01), Daniel E. Stetson (Dkt No. 8:06-cr-439-T-30MSS), and Daniel DelPiano (Dkt. No. 8:06-cr-341-T-17EAJ); and $608,317.68 with co-Defendants Michael Ernest Zapetis, Sr., and Richard Soloman and Alfred Michael Jaillett (Dkt. No. 8:02-Cr-97-T-23MAP), and Steven Ray Brewer (Dkt. No. 8:02-Cr-143-T-30TGW); for the total amount of: $59,136,990.19.

___ The defendant shall pay the cost of prosecution.

___ The defendant shall pay the following court cost(s):

__X__ The defendant shall forfeit the defendant's interest in the following property to the United States:
[SEE ATTACHED ORDER]

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.					Case No. 8:06-cr-26-T-26TBM

KAREN CARAZO ZAPETIS,
  a/k/a "Karen Lois Gimborne Carazo,"
  a/k/a "Karen Lois Carazo,"
  a/k/a "Karen Zapetis," and
  a/k/a "Karen Leicht."

**FORFEITURE MONEY JUDGMENT AND PRELIMINARY ORDER
OF FORFEITURE FOR REAL PROPERTY**

THIS CAUSE comes before the Court upon the filing of the United States' Motion for a Forfeiture Money Judgment in the amount of $ 1,6F6,3cJ.3c and a Preliminary Order of Forfeiture for the following asset, which, upon entry, will become a final order of forfeiture as to defendant Karen Carazo Zapetis:

> The real property, including all improvements thereon and appurtenances thereto, located at 1717 North Bayshore Drive, No. A-2856, Miami, Florida 33132, which is legally described as follows:
>
> Condominium Unit No. A-2856, THE GRAND, A CONDOMINIUM, according to the Declaration of Condominium thereof, as recorded in Official Records Book 12917, Page 280, Public Records of Dade County, Florida commonly know as 1717 North Bayshore Drive #A-2856, Miami, Florida 33132.
>
> Folio No. 01-3231-048-0773.

Being fully advised in the premises, the Court hereby finds that as a result of the conspiracy charged in Count One of the Superseding Information, in violation of 18 U.S.C. § 371, for which the defendant has been convicted, Karen

Carazo Zapetis obtained proceeds in the amount of $ _1,656,352.30_.

The Court further finds that the United States has established the requisite *nexus* between conspiracy and the real property identified above. Accordingly, it is hereby

ORDERED and ADJUDGED that the United States' Motion is GRANTED.

It is further ORDERED that, under 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2), Karen Carazo Zapetis is jointly and severally liable with her co-defendants to the United States of America for a forfeiture money judgment in the amount of $ _1,656,352.30_, representing the amount of proceeds the defendant obtained as a result of the conspiracy, in violation of 18 U.S.C. § 371, for which she was convicted.

It is further ORDERED that, under 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), all of defendant Karen Carazo Zapetis' right, title, and interest in the real property identified above are hereby CONDEMNED and FORFEITED to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

The Court retains jurisdiction to enter any further order necessary for the forfeiture and disposition of the real property and to address any third party claim that may be asserted in these proceedings.

DONE and ORDERED in Chambers in Tampa, Florida, this __10 TH__ day of September, 2010.

RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

Copies to:

Josephine W. Thomas, AUSA
Counsel of Record

3